UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------------X

ECF CASE

CHARLES COLEMAN, JOHN H. CHIAFFI, RICHARD O' BEIRNE and JOHN T. COONEY, JR., as Trustees of the LABORERS LOCAL UNION 754 HEALTH & WELFARE FUND, PENSION FUND, LECET FUND, NATIONAL HEALTH AND SAFETY FUND, NYSLPA FUND, 754 LECET FUND, TRAINING FUND, and ORGANIZING FUND; and CHARLES COLEMAN and JOHN J. CHIAFFI, as Officers of LABORERS LOCAL UNION 754,

Civil Action No.

                        Plaintiffs,

COMPLAINT

-against-

IMPERIAL IRON WORKS INC. / RHOMBUS ENTERPRISES LLC., a JOINT VENTURE, JOSEPH CHIAPPA and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

**07 CIV. 3690**

                        Defendants.  
---------------------------------------------------------------X

Plaintiffs, the trustees and fiduciaries of the Laborers Local Union 754 Health & Welfare Fund, Pension Fund, Savings Fund, Annuity Fund, Industry Advancement Fund, Dues Supplement Fund, Training Fund and Organizing Fund (the "Trustees") and Charles Coleman and John J. Chiaffi, as officers of Laborers Local Union 754 ("Local 754" or the "Union"), by their attorneys, Bruce A. Rogers, P.C., as and for their Complaint, respectfully allege as follows:

### NATURE OF ACTION AND JURISDICTION

1.      This is a civil action brought pursuant to §§ 502(a)(2), 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. §§ 1132(a)(2), 1322(a)(3) and 1145, hereinafter referred to as "ERISA") and § 301 of the Labor Management



1

Relations Act of 1974 (29 U.S.C. ' 185) (hereinafter referred to as "LMRA"), by employee welfare benefit funds, through the fund Trustees, and by the Union, through its officers, seeking injunctive and other equitable relief under ERISA, and for breach of contract to secure performance by and employer of specific statutory and contractual obligations to (a) pay and submit the required monetary contributions, as well as reports to the Trustees; (b) remit dues, checkoffs and union fees deducted from the wages paid employees who authorize said deduction in writing to the Union and (c) permit and cooperate in the conduct of an audit of the books and records of the Defendant Imperial Iron Works Inc./Rhombus Enterprises, LLC, a Joint Venture (hereinafter "Imperial/Rhombus"). Following such audit, Plaintiffs seek leave to amend this Complaint for any additional sums found due and also seek a personal judgment for the amounts so found against Defendant Joseph Chiappa in his capacity as a fiduciary of the employee benefit funds, in addition to a judgment against Fidelity and Deposit Company of Maryland based on its issuance of a payment bond for the project wherein the unions' members rendered services.

2. More specifically, this Complaint alleges that by failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Trustees, and remit dues checkoffs and union fees to the Union when due, and by failing to permit and cooperate in the conduct of audit of the books and records of Imperial/Rhombus, Imperial/Rhombus and Chiappa violated their collective bargaining agreements and/or respective trust agreements of the Trustees, and/or ERISA.

3. Jurisdiction of this Court is invoked under the followings statutes:

    a. Sections 502(e)(1), 502(f), 3(21) and 515 of ERISA (29 U.S.C. §§ 1132(e)(1), 1132(f), 1002(21) and 1145);

    b. Section 301 of LMRA (29 U.S.C. § 185);

      c.      28 U.S.C. § 1331 (federal question); and

      d.      28 U.S.C. § 1337 (civil action arising under Act of Congress regulating commerce).

4.      Venue properly lies in this district under § 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on Defendants in any other district in which they may be found pursuant to § 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

## **PARTIES**

5.      Plaintiffs are the Trustees of jointly administered, multi-employer, labor-management trust funds which have been established and maintained pursuant to various collective bargaining agreements in accordance with § 302(c)(5) of LMRA (29 U.S.C. § 186(c)(5)). Further, the Funds of which Plaintiffs are Trustees, are employee benefit plans within the meaning of §§ 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(2) and (3) and 1132(d)(1)), and is a multi-employer plain within the meaning of §§ 3(37) and 515 ERISA (29 U.S.C. §§ 1002(37) and 1145). The Trustees are fiduciaries within the meaning of §§ 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this action in their fiduciary capacity.

6.      The purpose of the Laborers Local Union 754 Health and Welfare Fund, Pension Fund, Savings Fund, Annuity Fund, Industry Advancement Fund, Dues Supplement Fund, LECET Fund, National Health and Safety Fund, NYSLPA Fund, 754 LECET Fund, Training Fund and Organizing Fund (collectively, the "Funds") is to provide health and welfare benefits as well as employee pension benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between signatory

employers and the Union. The Funds maintain their offices and are administered at 215 Old Nyack Turnpike, Chestnut Ridge, New York 10977.

7. Plaintiffs Charles Coleman and John J. Chiaffi are officers of Local 754, and in their administrative capacity are duly authorized to bring this action for dues contributions against the Defendants.

8. Local 754 is a labor organization within the meaning of § 3 of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA") (29 U.S.C. § 402) that represents employees in an industry affecting commerce as defined in § 501 of LMRA (29 U.S.C. § 142) and § 3(4) of ERISA (29 U.S.C. § 1002(4)). Local 754 maintains its offices and is administered at 215 Old Nyack Turnpike, Chestnut Ridge, New York 10977.

9. Upon information and belief, at all times material hereto, Defendant Imperial Iron Works Inc. / Rhombus Enterprises LLC, a Joint Venture ("Imperial/Rhombus") was and is a for-profit entity doing business in the State of New York, and were subject to the terms of a labor-management agreement which, amongst other things, required contributions to Plaintiff's Funds, withholding from its employee payrolls and union dues on behalf of their employees. Defendant is an employer within the meaning of §§ 3(5) and 515 ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of § 501 of LMRA (29 U.S.C. § 142). Further, Imperial/Rhombus was and is a signatory to collective bargaining agreements with the Union, which expressly incorporate by reference the declaration of trust agreements (hereinafter the "Agreements").

10. Defendant Joseph Chiappa ("Chiappa") is Vice-President of Defendant Imperial/Rhombus and is a fiduciary as defined in § 3(21) of ERISA (29 U.S.C. § 1002(21)) in that he has direct control over the assets of Imperial/Rhombus. Upon information and belief,

Joseph Chiappa signed checks for the payment of corporate obligations and decided which creditors to pay out of Imperial/Rhombus' general account. Joseph Chiappa commingled plan assets with company assets instead of forwarding the plan assets to the Funds and, therefore, exercises authority and/or control respecting disposition of plan assets.

11. Upon information and belief, defendant Fidelity and Deposit Company of Maryland ("Fidelity"), is a foreign corporation organized under the laws of the State of Maryland, and is duly authorized by the Superintendent of Insurance of the State of New York to do business in New York State.

12. At all times relevant to the allegations of this Complaint, Defendants Imperial/Rhombus and Chiappa and the Union have been parties to and bound by Agreements governing the rates of pay and working conditions of individuals employed by Defendant Imperial/Rhombus within the jurisdiction of the Union at an agreed upon wage rate.

13. Pursuant to the Agreements, Imperial/Rhombus is required to pay all employees performing covered employment within the jurisdiction of the Union an agreed upon wage rate.

14. Pursuant to the Agreements, Imperial/Rhombus and Chiappa are required to pay benefit contributions and/or wage supplements to the Funds in agreed amounts and specified percentages of the wages of employees engaged in covered employment within the jurisdiction of the Union. The Agreements also provide for payment by a delinquent employer of all contributions owed, together with liquidated damages, interest, attorneys' fees, court costs and audit fees, all in accordance with ERISA.

15. Pursuant to § 209 of ERISA, 29. U.S.C. § 1059, Imperial/Rhombus and Chiappa have a duty to maintain adequate records regarding the hours worked by their employees for whom fringe benefit contributions have and/or are required to be paid into the Funds.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## (VIOLATION OF ERISA - §§ 502 and 515)

16. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs, as if fully set forth herein.

17. Pursuant to the terms and conditions of the Agreements, Imperial/Rhombus and Chiappa are required, *inter alia*, to file certain employer contribution reports with the Funds, and are further required to permit and cooperate in the conduct of audits of their books and payroll records and to furnish to the Funds such information, books, records and reports as are required to ensure compliance with the terms of the Agreements and to ascertain the amount of fringe benefit contributions due the Funds.

18. As determined by Plaintiffs' records and reporting forms maintained on behalf of the Funds, there are delinquent fringe benefit contributions due and owing to the Funds from Imperial/Rhombus, which, upon information and belief, are for the period of July 1, 2006 through December 31, 2006 in the sum of at least $103,781.97 as a result of work performed by individual employees of Imperial/Rhombus pursuant to the Agreements.

19. Section 515 of ERISA, 29 U.S.C. § 1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement, to make such contributions in accordance with the terms and conditions of such plan or such agreement.

20. No part of the contributions contractually due the Funds has been paid by Defendants, although all contributions have been duly demanded. The Trustees and the Funds have therefore been damaged at least in the amount of $103,781.97, plus such other amounts as may be determined by audit.

21.     Imperial/Rhombus and Chiappa's failure to make such payment or timely payment constitutes a violation of the Agreements, as well as § 515 of ERISA (29 U.S.C. § 1145).

22.     Accordingly, pursuant to the Agreements and § 502 of ERISA (29 U.S.C. § 1132), Defendants are liable to Plaintiffs for the following: (a) benefit contributions in the amount of $103,781.97 for the period of July 1, 2006 through December 31, 2006; (b) such additional contributions determined to be due and owing pursuant to an audit of Defendant Imperial/Rhombus' books and records for the period of July 1, 2006 to the date of judgment; (c) statutory damages and interest on the unpaid principal, both computed at the rate provided for under the Plaintiff's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621); and (d) reasonable attorney's fees and costs and disbursements incurred in the action.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## LMRA § 301 – BENEFIT CONTRIBUTIONS

24.     Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

25.     The failure, refusal or neglect of Imperial/Rhombus and Chiappa to make the required contributions to the Fund and to the Trustees constitute a violation of the labor-management Agreements between the Defendants and Local 754.

## AS AND FOR A THIRD CLAIM FOR RELIEF
## LMRA § 301 - DUES AND UNION FEES

26.     Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

27. Pursuant to the Agreements, Imperial/Rhombus and Chiappa, *inter alia*, became obligated to deduct certain fund contributions, dues checkoffs, and union fees from the wages paid to Defendant Imperial/Rhombus' employees performing work within the trade and geographical jurisdictions of the Unions who, as Union members and participants in the Funds, authorized such deductions in writing.

28. Pursuant to the Agreements and as a result of work performed by Imperial/Rhombus' employees who authorized said deductions in writing, there were certain Fund contributions, dues checkoffs, and union fees deducted from the wages of Defendant Imperial/Rhombus' employees for the period of July 1, 2006 to the date of any judgment entered herein.

29. No part of the dues checkoffs and initiation fees contractually due to the Union for the period of July 1, 2006 to the date of judgment herein has been paid by Defendants, although all contributions have been duly demanded, which sums upon information and belief, have been converted by the Defendants herein. The amount thereof must be determined by audit of Defendant Imperial/Rhombus' books and records.

## AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST FIDELITY BASED ON ITS PAYMENT BOND

30. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

31. Upon information and belief, on or about April 26, 2005, Imperial/Rhombus entered into a contract with the State of New York Department of Transportation for the Replacement of Four-Span Steel Multi-Girder Bridges with a Single-Span Steel Structure, carrying Palisades Interstate Parkway over Route 202, Town of Haverstraw, F.A. Proj. No.

Q240-8093-483, Contract No. D259820 (the "Project"), by which, for the consideration set forth therein, the Imperial/Rhombus agreed to furnish all of the labor, materials and services necessary for the Project.

32. On or about April 26, 2005, defendant Fidelity, as surety, and Imperial/Rhombus, as principal, signed and executed a payment bond (Bond No. 08761812), guaranteeing prompt payment of all monies due to persons furnishing Imperial/Rhombus with labor and materials in connection with the construction of the Project.

33. There is now due and owing to Plaintiffs the sum of One Hundred Three Thousand Seven Hundred Eighty One and 97/100 ($103,781.97) dollars, for benefits and wages furnished to Imperial/Rhombus in connection with the Project, no part of which has been paid by Imperial/Rhombus or Fidelity, although duly demanded.

34. By reason of the above, the sum of One Hundred Three Thousand Seven Hundred Eighty One and 97/100 ($103,781.97) dollars is due and owing to Plaintiffs from Imperial/Rhombus and Fidelity under the aforesaid payment bond, with appropriate interest thereon from December 31, 2006.

35. Upon information and belief, the foregoing Imperial/Rhombus and Fidelity have no defense or basis in fact or law, for refusing to pay the aforesaid indebtedness due and owing to Plaintiffs. Pursuant to State Finance Law Section 137(4)(c), Plaintiffs are entitled to an award for its reasonable attorney's fees in the amount of approximately $ 40,000.00.

WHEREFORE, Plaintiff Trustees and Local 754, respectfully demand judgment against the Defendants, as follows:

(i) In favor of the Funds and Trustees, an Order requiring Imperial Iron Works Inc./Rhombus Enterprises, LLC, a Joint Venture to permit and cooperate in the conduct of an audit of its books and records for the period of July 1, 2006 to present;

(ii) In favor of the Funds and Trustees, damages in the amount of One Hundred Three Thousand Seven Hundred Eighty One and 97/100 ($103,781.97) dollars, representing all past due contributions all past due contributions for the period of July 1, 2006 to December 31, 2006, and which become due during the pendency of this action.

(iii) In favor of the Funds and Trustees, damages in the amount of contributions and interest which became due for the period of July 1, 2006 to date, and which become due during the pendency of this action.

(iv) In favor of the Funds and Trustees, statutory damages on all contributions now due and which accrue during the pendency of this action.

(v) In favor of the Funds and Trustees, an interest charge on all unpaid/delinquent benefit contributions.

(vi) In favor of the Union, damages in the amount determined by an audit representing non-remitted dues and initiation fees and other check-offs obligations for the period of July 1, 2006 to the date of judgment, plus interest and attorneys' fees; and

(vii) The reimbursement of Plaintiffs' reasonable attorneys' fees and costs and disbursements, pursuant to ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2) and LMRA § 301 (29 U.S.C. § 185).

(viii) On its fourth claim against Fidelity and Deposit Company of Maryland, the sum of One Hundred Three Thousand Seven Hundred Eighty One and 97/100 ($103,781.97) dollars,

with interest thereon from December 31, 2006, together with an award for reasonable attorney's fees in the amount of $40,000.00; and

    (ix)    and such other and further relief as to this Court may seem just and proper.

Dated: Orangeburg, New York
       May 3, 2007

_____
Patricia E. Habas, Esq. (PEM 8353)
Formerly Patricia E. Maune
BRUCE A. ROGERS, P.C.
Attorneys for Plaintiffs
Prel Plaza, Suite 7
60 Dutch Hill Road
Orangeburg, NY 10962
(845) 359-5400

## VERIFICATION

STATE OF NEW YORK    )
                    )ss:
COUNTY OF ROCKLAND  )

Lynn Dillon, being duly sworn, deposes and says that deponent is the Fund Administrator of the Plaintiff herein, the Trustees and Fiduciaries of the Laborers Local Union 754 Health & Welfare Fund, Pension Fund, Savings Fund, Annuity Fund, Industry Advancement Fund, Dues Supplement Fund, Training Fund and Organizing Fund (the "Trustees") and Charles Coleman and John J. Chiaffi, as officers of Laborers Local Union 754; that the deponent has read the foregoing Summons and Complaint and knows the contents thereof; and that the same is true to deponent's own knowledge, except to those matters stated to be alleged upon information and belief, and to those matters deponent believes them to be true. This verification is made by deponent because Plaintiff is a Trust and deponent is familiar with the facts and circumstances herein.

The sources of deponent's information and grounds of deponent's belief as to all matters not stated on deponent's knowledge are: the books and records of Laborers Local Union 754 Joint Benefit Funds.

LABORERS LOCAL UNION 754
JOINT BENEFIT FUNDS

_____
Lynn Dillon

Sworn to before me
this 7th of May, 2007

_____
Notary Public
VINCENZA QUINLAN
Notary Public, State of New York
No. 4875084
Qualified in Rockland County
Commission Expires April 6, 20_11_